## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANYA LANICE ) | |
| 2726 Lorring Drive, # 203 ) | |
| Forestville, Maryland 20747 ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| HOGAN AND HARTSON, LLP ) | |
| 555 13th Street, N.W. ) | |
| Washington, D.C. 20004 ) | |
| ) | |
|     Defendant. ) | |

## COMPLAINT FOR DISCRIMINATION

COMES NOW Plaintiff Tanya LaNice, by and through undersigned counsel, and states as follows:

1. Plaintiff brings this action pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981 and the District of Columbia Human Rights Act, for discrimination on the basis of race in employment.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is founded pursuant to 42 U.S.C. § 1981 and 28 U.S.C. §§ 1331, 1337, 1343 and 1346. Plaintiff also invokes this Court's pendent jurisdiction to adjudicate state law claims.

3. Venue lies in this Court, pursuant to 28 U.S.C. §§ 1391 and 1402, since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia.

## PARTIES

Dockets.Justia.com

4.      Plaintiff, Tanya LaNice ("Ms. LaNice"), is an adult African-American female, a citizen of the United States and a bona fide resident of the state of Maryland. At all times further relevant herein, Ms. LaNice was an employee of Hogan and Hartson, LLP.

5.      Hogan and Hartson, LLP ("Hogan"), is an international law firm with over 100 employees, incorporated in the District of Columbia and doing business in Washington, D.C.

**FACTS COMMON TO ALL COUNTS**

6.      Since about December 14, 1994, until her unlawful termination, Ms. LaNice had been employed with Hogan in the firm's accounting department. In that department, Ms. LaNice's duties included balancing the general ledger for incoming cash in all domestic and international offices, processing incoming payments to client accounts, working directly with clients to resolve accounting discrepancies, producing and distributing necessary financial reports for attorneys and directors, reviewing and approving daily cash report for firm activity, monitoring all workloads within the accounts receivable department, assigning tasks and projects to the accounts receivable staff, conducting regular staff meetings, and preparing employee evaluations. During her tenure, Ms. LaNice consistently received exemplary performance evaluations. Indeed, her performance was so valued that she rose to supervise a staff of five and was one of only four African-American supervisors in the accounting department at the managerial level out of about 13 total managers.

7.      Around June 2002, Ms. LaNice was assigned to supervise another African-American female employee. Eventually, Ms. LaNice began receiving complaints from colleagues regarding that employee's work performance. Among other issues, Ms. LaNice noted that the employee chronically failed to timely forward and respond to email and other correspondences. The timely forwarding of such correspondences was critical to the efficient running of Ms. LaNice's department

in particular, and the accounting department in general. Ms. LaNice reported these issues to her subordinate in personal meetings, in e-mail correspondence, on her performance evaluation and informed her own supervisor of the issues with the employee.

8.    In mid-May of 2004, the employee went on leave, and Ms. LaNice received complaints throughout the day with regard to the employee's whereabouts and the lack of timely responses to critical inquiries. Ms. LaNice contacted Hogan's "IT" department and received permission to access the employee's email. Ms. LaNice then activated the employee's outgoing "out of the office" email alert. Ms. LaNice subsequently informed the employee that her email account had been accessed for the purpose of activating an outgoing message indicating her absence. Ms. LaNice believed this to be routine procedure at the firm.

9.    About a month later, the employee Ms. LaNice supervised gave Hogan notice of her resignation. Again, consistent with Hogan policy, Ms. LaNice noticed matters that had been unattended to by the employee on the employee's desk and computer, and forwarded business emails to her own computer for her immediate attention and to ensure the orderly transfer of firm business following the employee's last working day. At no time did Ms. LaNice access personal information from the employee's computer or email account.

10.    Sometime approaching or following the employee's resignation, the employee began making false and spurious allegations that Ms. LaNice had improperly accessed the employee's computer and copied personal information from it. Ms. LaNice categorically denied the defamatory allegations and provided Hogan with copies of the emails that had been previously forwarded from the employee's account, as well as access to her own computer.

11.    Despite the undisputed evidence in support of Ms. LaNice and her vigorous protests

to the contrary, Hogan, without any credible evidence or justification whatsoever and in disregard for her federally protected rights, determined that Ms. LaNice's nine-year employment should be terminated.

13. On July 6, 2004, Ms. LaNice was terminated from her employment without cause or justification.

13. On or about December 10, 2004, Ms. LaNice filed a complaint with the Equal Employment Opportunity Commission charging Hogan with unlawful discrimination based on race and color. On or about February 11, 2005, a Dismissal and Notice of Right to Sue was mailed to Ms. La Nice, and Ms. LaNice has exhausted her administrative remedies.

## FIRST CAUSE OF ACTION
### Violation of Title VII - Race Discrimination

14. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "13" as if originally pleaded herein.

15. Defendant, through its agents or supervisors, unlawfully discriminated and denied equal employment opportunities and other terms and conditions of employment against Ms. LaNice in her employment because of her race, when it terminated her without cause or justification, in violation of Title VII of the Civil Rights Act of 1964, as amended.

16. As a direct and proximate result of the illegal employment discrimination by Defendant, Ms. LaNice has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Ms. LaNice has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

17. Defendant has followed a policy and practice of discrimination in employment against Ms. LaNice on account of her race.

18.     Ms. LaNice is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under Title VII of the Civil Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under Title VII of the Civil Rights Act, compensatory damages in an amount to be determined at trial;

(c)     To award her, under Title VII of the Civil Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)     To award her reasonable attorney's fees and costs of this action; and

(e)     To award her such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
**Violation of 42 U.S.C. Section 1981 – Race Discrimination**

19.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "18" as if originally pleaded herein.

20.     Defendant, through its agents or supervisors, unlawfully discriminated against Ms. LaNice in her employment because of her race, when it terminated her employment, without cause of justification, in violation of 42 U.S.C. § 1981 of the Civil Rights Act of 1964, as amended.

21.     As a direct and proximate result of the illegal employment discrimination by Defendant, Ms. LaNice has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Ms. LaNice has suffered and will continue to suffer a loss of

earnings and other employment benefits and job opportunities.

22. Ms. LaNice is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award her, under 42 U.S.C. § 1981, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b) To award her, under 42 U.S.C. § 1981, compensatory damages in an amount to be determined at trial;

(c) To award her, under 42 U.S.C. § 1981, punitive damages in the amount of five million dollars ($5,000,000.00);

(d) To award her reasonable attorney's fees and costs of this action; and

(e) To award her such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
**Violation of D.C. Human Rights Act D.C. Code § 1-2501 et seq.**

23. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "22" hereinabove set forth.

24. Defendant, through its agents or supervisors, engaged in a pattern and practice of race discrimination by subjecting Plaintiff to unlawful termination because of her race, in violation of the District of Columbia Human Rights Act, D.C. Code § 1-2501 et seq.

25. The above-described illegal conduct created an intimidating, oppressive, hostile and offensive work environment, which interfered with Plaintiff's emotional well-being.

26. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described above.

27. As a result of the unlawful termination by Defendant, Ms. LaNice suffered severe emotional distress.

28. As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against her, Ms. LaNice has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.

29. Ms. LaNice is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with a conscious disregard for her rights and with the intent and purpose of injuring her. Ms. LaNice is further informed and believes that Defendant, through its officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a) To award her all the back pay and fringe benefits she has lost as a result of defendant's unlawful conduct against her;

(b) To award her compensatory damages in an amount to be determined at trial;

(c) To award her punitive damages in the amount of five million dollars ($5,000,000.00);

(d) To award her reasonable attorney's fees and costs of this action; and

(e) To award her such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues.

Respectfully submitted,

                                                                                                    _____
Lisa Alexis Jones, Esq.
Lisa Alexis Jones, PLLC
Unified Bar Number 421002
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-4507
(202) 434-8707 (Fax)
orbitcv@erols.com

*Counsel for Plaintiff*

Dated: May 13, 2005