## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANYA LANICE,<br><br>               Plaintiff,<br><br>   v.<br><br>HOGAN & HARTSON, LLP,<br><br>               Defendant. | Civil Action No. 1:05cv0961 (EGS) |

### ANSWER

Defendant Hogan and Hartson, LLP, by its attorneys, answers the Complaint in this action as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Defendant responds to the numbered allegations contained in the Complaint as follows:

1. Paragraph 1 constitutes a characterization of Plaintiff's cause of action to which no response is required. To the extent a response is required, Defendant denies the allegations.

### JURISDICTION AND VENUE

2. Defendant admits that this Court has jurisdiction over this action but denies that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1337 or 1346.

3. Defendant admits that venue is proper in the District of Columbia but denies that it committed any alleged unlawful employment practice with respect to Plaintiff.

326280v1

**THE PARTIES**

4. Defendant admits, upon information and belief, the first sentence of Paragraph 4. As to the last sentence of Paragraph 4, Defendant admits that Defendant formerly employed Plaintiff.

5. Defendant admits that it is an international law firm organized under the laws of the District of Columbia and doing business in the District of Columbia.

**FACTS COMMON TO ALL COUNTS**

6. Defendant admits that it employed Plaintiff in its Accounting Department from December 19, 1994 through July 6, 2004 when Plaintiff resigned in lieu of termination of her employment. Defendant admits the allegations contained in the second sentence of Paragraph 6. Defendant admits that Plaintiff received performance evaluations, which speak for themselves. Defendant admits that, at the time of her departure in June 2004, Plaintiff supervised five employees. Defendant denies the remaining allegations contained in the last sentence of Paragraph 6.

7. Defendant admits that Plaintiff was assigned to supervise another of its employees, Angela D. Jones, in June 2002. Defendant further admits, on information and belief, that Ms. Jones is African-American. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the second, third and fourth sentences of Paragraph 7, and therefore denies them. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the last sentence, and therefore denies them, except to admit that Plaintiff noted certain concerns about Ms. Jones' job performance with her supervisor. Ms. Jones' performance evaluation speaks for itself.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, third, fourth and fifth sentences of Paragraph 8, and

therefore denies them, except to admit that Ms. Jones took leave at various times in May 2004. Defendant admits that Plaintiff contacted its Information Technology ("IT") Department and obtained access to Ms. Jones' computer.

9. Defendant admits the first sentence of Paragraph 9 but denies the remaining allegations contained in Paragraph 9.

10. Defendant denies the allegations contained in Paragraph 10 except to aver that Plaintiff improperly accessed Ms. Jones' computer and copied e-mails containing personal communications from it. Defendant admits that Plaintiff provided it with copies of certain e-mails she improperly obtained from Ms. Jones' computer. Defendant denies that Plaintiff provided it with "access to her own computer."

11. Defendant denies the allegations contained in Paragraph 11, except to admit that Defendant determined Plaintiff's employment should be terminated.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant admits, on information and belief, that Plaintiff filed a charge with the Equal Employment Opportunity Commission (the "EEOC") in November 2004 or December 2004. Plaintiff's EEOC charge speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations regarding the mailing of a Dismissal and Notice of Right to sue, and therefore denies them. Defendant denies that Plaintiff exhausted her administrative remedies.

**FIRST CAUSE OF ACTION**
**(Violation of Title VII – Race Discrimination)**

14. Defendant repeats its answers to Paragraphs 1 through 13.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

## SECOND CAUSE OF ACTION
### (Violation of 42 U.S.C. Section 1981 – Race Discrimination)

19. Defendant repeats its answers to Paragraphs 1 through 18.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

## THIRD CAUSE OF ACTION
### (Violation of D.C. Human Rights Act D.C. Code § 1-2501 et seq.)

23. Defendant repeats its answers to Paragraphs 1 through 22.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint. All allegations contained in the Complaint not otherwise specifically admitted, denied, qualified or otherwise responded to are hereby denied.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she has failed to exhaust requisite administrative remedies.

326280v1

- 4 -

**FOURTH DEFENSE**

Plaintiff's claims are barred to the extent they seek relief for events outside the applicable statute of limitations.

**FIFTH DEFENSE**

Plaintiff's claims are, or may be, barred, in whole or in part, by the doctrine of waiver, estoppel, laches, accord and satisfaction, and any other equitable defense found to be factually merited during the course of discovery in, or trial of, this action.

**SIXTH DEFENSE**

Plaintiff's claims are barred because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's race and/or color and because Defendant has not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, or guidelines.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of the failure of the Complaint to allege a sufficient factual and/or legal basis for compensatory and/or punitive damages.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent she has failed to mitigate her damages, if any.

**NINTH DEFENSE**

Plaintiff's claims for damages, to the extent she is entitled to any damages, which she is not, are limited by any evidence acquired after Plaintiff's departure from employment for which Plaintiff would have been terminated during her employment.

Defendant reserves the right to amend its Answer to add or delete affirmative defenses and/or counterclaims as further investigation, discovery, and circumstances may warrant.

WHEREFORE, Defendant prays that

1. Plaintiff's Complaint be dismissed with prejudice in its entirety, and that judgment be entered in favor of Defendant as to each and every count.

2. The Court deny Plaintiff's requested relief.

3. The Court award Defendant its costs and attorneys' fees.

4. The Court award Defendant such other and further relief as the Court deems just and proper.

Dated: September 29, 2005                    Respectfully submitted,


                                             /s/
                                             Elizabeth Sarah Gere (Bar No. 186585)
                                             Stephen B. Stern (Bar No. 452589)
                                             ROSS, DIXON & BELL, LLP
                                             2001 K Street, N.W.
                                             Washington, D.C. 20006-1040
                                             Telephone:  (202) 662-2000
                                             Facsimile:  (202) 662-2190

                                             Attorneys for Defendant
                                             Hogan & Hartson, LLP

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Answer was sent by U.S. Mail first class, postage prepaid this 29th day of September, 2005 to:

>Lisa Alexis Jones, PLLC
>1200 G Street, N.W.
>Suite 800
>Washington, D.C.   20005

                                         _____/s/_____
                                         Elizabeth Sarah Gere