IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANYA LANICE,<br><br>      Plaintiff,<br><br>      v.<br><br>HOGAN AND HARTSON, LLP.,<br><br>      Defendant. | Civil Action No. 05-961 (EGS) |

JOINT REPORT TO THE COURT

Counsel for Plaintiff Tanya LaNice and Defendant Hogan & Hartson, LLP, conferred on October 12, 2005, by telephone with the parties' consent, and pursuant to the Court's Order dated September 29, 2005. The parties hereby file the following statement with the Court outlining the parties' agreements and disagreements with the regard to the matters discussed.

BRIEF STATEMENT OF THE CASE, CLAIMS, AND DEFENSES

Plaintiff's Summary of Her Claims for Relief.

Plaintiff brings this action pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981 and the District of Columbia Human Rights Act, for discrimination on the basis of race in employment. Plaintiff seeks compensatory, punitive damages and back and front pay to the extent provided by law.

Since about December 14, 1994, until her unlawful termination, Ms. LaNice had been employed with the law firm of Hogan & Hartson in the firm's accounting department. Ms. LaNice was one of only four African-American supervisors in the accounting department at the managerial level out of about 13 total managers. During the spring of 2004, Ms. LaNice received permission, pursuant to her employer's policy to access the computer of a well-documented problem employee

Dockets.Justia.com

under her supervision, another African-American female employee, for the orderly transaction of defendant's business.

Following that employee's subsequent resignation from defendant's employment, the employee began making false and spurious allegations that Ms. LaNice had improperly accessed the employee's computer and copied personal information from it. Ms. LaNice categorically denied the defamatory allegations, protesting that her conduct had been appropriate under defendant's then current policies. Despite the undisputed evidence in support of Ms. LaNice and her vigorous protests to the contrary, defendant, without any credible evidence or justification whatsoever and in disregard for her federally protected rights, determined that Ms. LaNice's nine-year employment should be terminated. On July 6, 2004, Ms. LaNice was unlawfully terminated from her employment on the basis of her race. On or about February 11, 2005, a Dismissal and Notice of Right to Sue was mailed to Ms. LaNice, and Ms. LaNice has exhausted her administrative remedies.

Defendant's Summary of Its Defenses.

Ms. LaNice fails to state a claim for employment discrimination based upon race. Ms. LaNice was employed by Hogan & Hartson as a supervisor in its Accounting Department. Hogan & Hartson had a reasonable good faith belief that Ms. LaNice both improperly accessed another employee's computer and reviewed and printed personal and other electronic messages maintained thereon and then lied about her actions. When confronted, Ms. LaNice resigned from her position with Hogan & Hartson in lieu of termination of her employment. Ms. LaNice's race was in no way a factor in any decision made or action taken by Hogan & Hartson with respect to her employment.

The parties discussed the provisions of Local Rule of Civil Procedure 16.3(c) as follows:

1. DISPOSITIVE MOTION

discovery has been completed. Defendant expects to file a motion at the conclusion of discovery. There are no pending motions at this time.

2. AMENDMENTS TO PLEADINGS

The parties do not anticipate amending their pleadings or adding parties at this time.

3. ASSIGNMENT TO MAGISTRATE JUDGE

The parties agree that the Court should not assign the case to a magistrate judge for any purpose.

4. SETTLEMENT OF CASE

Plaintiff has made no settlement demand and there have been no settlement discussions. The parties therefore conclude that it is too early to assess whether there is a realistic possibility of settling the case.

5. APPLICATION OF ADR PROCEDURES/STAY OF DISCOVERY

The parties believe that it is too early in the litigation of this case to determine whether this case could benefit from the use of some form of alternative dispute resolution (ADR) procedures. The parties agree that the use of ADR procedures may be beneficial at a later stage of the proceedings but also agree that discovery should not be stayed at this time. Counsel for Plaintiff and Defendant have discussed ADR procedures and this response with their respective clients.

6. DISPOSITIVE MOTIONS

Plaintiff believes that it is unlikely that this case will be resolved by dispositive motions. Defendant has advised Plaintiff that it expects to file a motion for summary judgment after the close of discovery. The parties agree that Defendant shall file its motion by March 21, 2006 and

that Plaintiff file her response to Defendant's motion for summary judgment by April 21, 2006. Defendant shall then file its reply by May 8, 2006. The parties agree that a hearing date on the motion(s) should be set at the Court's convenience.

### 7. EXCHANGE OF INFORMATION/INFORMAL DISCOVERY

The parties agree to exchange initial disclosures, as set forth by Rule 26(a)(1) of the Federal Rules of Civil Procedure, by December 6, 2005. Formal discovery likely will be necessary.

### 8. DISCOVERY

At this time, the parties have negotiated the following discovery plan:

a. Discovery shall close on February 21, 2006.

b. The parties agree to be governed by the applicable Federal Rules of Civil Procedure and the rules of this Court regarding discovery.

c. If a protective order is needed, the parties will attempt to reach agreement by stipulation and, if unable to stipulate, a motion will be filed seeking a protective order from the Court.

### 9. EXPERT WITNESSES

The parties agree that the Court should not modify or waive the requirements of Rule 26(a)(2), F. R. Civ. P., regarding exchange of expert witness reports. The parties also agree that should Plaintiff decide to call any expert witnesses, she will provide her expert disclosure report by January 6, 2006. Defendant shall file its expert disclosure report, if any, by February 6, 2006. The parties further agree that it is too early to determine whether and when depositions of experts should occur.

10. CLASS ACTION

This is not a class action.

11. BIFURCATION OF DISCOVERY AND/OR TRIAL

The parties do not recommend that trial or discovery be bifurcated or managed in phases at this time, but reserve the right to ask for such treatment if later it becomes appropriate.

12. PRETRIAL CONFERENCE

If no dispositive motions are filed following the close of discovery, the parties request that a pretrial conference be scheduled on or after March 21, 2006. However, if dispositive motions are filed following the close of discovery, the parties request that a pretrial conference scheduled on or after thirty (30) days following a decision on the dispositive motion(s).

13. DETERMINATION OF TRIAL DATE

Both parties request that the Court set a trial date at a time convenient to the Court and consistent with this Report.

Respectfully submitted,

_____/s/_____
Lisa Alexis Jones
Bar #421002
1200 G. Street, N.W.
Suite 800
Washington, DC 20005
(202) 434-4507

*Counsel for Plaintiff*

Dated: October 31, 2005

_____/s/_____
Elizabeth Sarah Gere (Bar #186585)
Stephen B. Stern (Bar #452589)
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006-1040
(202) 662-2000

*Counsel for Defendant*